DAVID R. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 26812-82.
United States Tax Court
T.C. Memo 1985-172; 1985 Tax Ct. Memo LEXIS 464; 49 T.C.M. (CCH) 1183; T.C.M. (RIA) 85172; April 4, 1985. *464 Petitioner filed an altered Form 1040 on which he categorizes his wages as "Non-taxable receipts." Held, wages are subject to tax; the tampered form was not a return; additions to tax are found; and damages are awarded to the United States. David R. Anderson, pro se. Mark E. Rizik, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. [1] Petitioner filed a response to the instant Motion. At the hearing on the Motion for Summary Judgment the Motion was taken under advisement. For convenience our Findings of Fact and Opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1980 in the amount of $7,516.46. The petition alleges that the Commissioner erred in finding petitioner's wages to be taxable income. The petition also contains other frivolous contentions. [2] *465 In the Answer, respondent denied the petition allegations and alleged: (1) That petitioner is liable for an addition to tax equal to 25 percent of the underpayment pursuant to section 6651(a)(1) for failure to timely file an income tax return; and (2) that petitioner is liable for an addition to tax in the amount of $375.82 (i.e., 5 percent of $7,516.46) pursuant to section 6653(a)(1). Respondent also requested that appropriate damages be awarded to the United States under section 6673. Petitioner filed a reply demanding that the affirmative allegations in the Answer be "removed from the pleadings and that Respondent be prevented from raising such issue" and raising or reasserting numerous frivolous contentions. In the Reply, petitioner again raised his frivolous contentions [3] *466 and alleged that respondent had the burden of proof on all issues.
We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121. If summary judgment is warranted, we must then decided: (1) Whether wages earned by petitioner in 1980 are includable in his gross income for that year; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); (3) whether petitioner is liable for an addition to tax pursuant to section 6653(a); and (4) whether an award of damages pursuant to section 6673 is merited. Certain facts are not disputed. The undisputed documents supplied by respondent in an affidavit with exhibits filed in connection with the Motion [4] *467 and the undisputed facts in the pleadings constitute the facts used for the purposes of this decision. Rule 121(b). Petitioner resided in Redford, Michigan, when the petition was filed *468 in this case. During the 1980 taxable year, petitioner was employed by Aero Detroit Inc. and received wages totaling $30.615.60. Petitioner tampered with an official Form 1040 by inserting on line 24 the words "Non-taxable receipts." In two places in the left margin of these "forms" the word "Receipts" replaced the word "Income." On lines 9, 13, 19 and 21, the word "gain" replaced the word "income" and on line 22 the word "income" had been deleted. Petitioner also attached two memoranda, one of which was styled "FORM--NON-TAXABLE RECEIPTS: ." On line 8, entitled "Wages, salary, tips, etc.," petitioner inserted the amount of $30,615.60. On line 10a, entitled "Dividends (attach Schedule B if over $400)," petitioner inserted the amount of $1,062.42 and inserted zeros in the exclusion section on that same line. On line 24, under the category of "Non-taxable receipts," petitioner claimed an adjustment to "Receipts" of $30,615.60. On line 31, entitled "Adjusted gross income," petitioner inserted the amount of $1,062.42. [5] On line 33, which corresponds to itemized deductions that must be entered on a Schedule A, petitioner inserted the amount of *469 $1,690.62. [6] Petitioner reduced the $1,062.42 amount by the claimed itemized deductions of $1,690.62. There was no Federal income tax withheld amount shown. The tampered form was signed by petitioner and dated March 15, 1982, approximately 11 months after the April 15, 1981, due date. For taxable year 1978, petitioner reported on an official "Treasury Form 1040" wages he received as taxable income and showed the appropriate tax on such income. This was timely filed with the appropriate Form W-2. The threshold issue is whether a motion for summary judgment is appropriate in this case. We conclude that it is. Rule 121. The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [7] In passing upon such a motion, the factual materials presented "must be viewed in the light most favorable *470 to the party opposing the motion." ; . Since respondent is the movant, he has the burden of proving there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. There is no dispute between the parties as a factual matter that petitioner received wages during 1980 in the amount of $30,615.60 as reflected on the Form W-2 he received from his employer. The only justiciable error that petitioner alleges is that such amounts are not taxable, a legal issue. Petitioner does not question and thereby concedes the authenticity of respondent's evidence attached as exhibits to the submitted affidavit. The pleadings, summary judgment motion, affidavit, and exhibits establish that there is no genuine issue as to any material fact and we find that a decision may be rendered as a matter of law. The burden of proof is upon petitioner *471 with respect to the deficiency set forth in the statutory notice and upon respondent as to the issues raised in the answer. ; Rule 142(a). Petitioner's frivolous contention that his wages are not taxable has been considered and rejected by this Court in numerous prior cases and merits no further discussion. Section 61; ; ; . Petitioner maintains his frivolous positions with respect to the 1980 taxable year despite the entry of a Memorandum Sur Order in the case of Anderson v. Commissioner, docket No. 2153-82, entered September 26, 1983, in which this Court found his wages to be taxable and his position to be frivolous. Petitioner argues that no filing due date was applicable to him because he was due no refund and owed no tax for the 1980 taxable year. He alleges the issuance of a refund check for the 1979 [8] taxable year that he received as a result of filing a form he describes as identical to the one at issue in this case supports this argument. We find, however, that the issuance of a refund *472 for the 1979 taxable year has no bearing on the determination of petitioner's 1980 tax liability. Even if an erroneous refund had been issued for the 1980 taxable year, respondent could not be barred from determining a deficiency or correcting a mistake of law. ; ; , affd. per curiam ; . With regard to the addition to tax pursuant to section 6651(a)(1), there is no dispute that the purported return was filed approximately 11 months after the due date. The evidence is clear, and respondent has met his burden of proving that petitioner's actions in this case were deliberate, intentional, and in complete disregard of the statutes and respondent's regulations. Petitioner has not alleged any reasonable cause for his failure to file timely and, thus, an addition to tax pursuant to section 6651(a)(1) is warranted. Because petitioner did not timely file a return, and the *473 document filed was approximately 11 months late, petitioner is subject to the maximum addition to tax under this section of 25 percent of $7,516.46 or $1,879.11. [9]
In determining petitioner's liability for an addition to tax pursuant to section 6653(a), we note that he has shown that he knows of his reporting duty and how properly to report his income on his 1978 return. We conclude that respondent has met his burden of proving petitioner's underpayment of tax was due to intentional disregard of rules and regulations and that an addition to tax pursuant to section 6653(a) in the amount of $375.82 is due based upon the analysis set forth in We come now to the final issue whether damages should be awarded under section 6673 for instituting this proceeding primarily for delay. Petitioner's conduct from the filing of his petition has demonstrated that his principal purpose has been to abuse the resources of this *474 Court in order to delay the inevitable time of reckoning with respondent. For that reason, we award damages to the United States under section 6673 in the amount of $500. We also warn petitioner that we are authorized to impose damages in an amount not in excess of $5,000. [10] Petitioner should bear that fact in mind in connection with any further proceeding which he may institute in this Court. An appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For example, petitioner is not entitled to costs and disbursements which he requests. , affd. without published opinion ; , affd. per curiam , cert. denied .
3. Petitioner is also not entitled to a trial by jury. , on appeal 6th Cir. Sept. 24, 1984.
4. In conjunction with the Motion for Summary Judgment, Respondent's Memorandum of Law and an affidavit of Mark E. Rizik, an attorney who has custody and control over the Commissioner of Internal Revenue's administrative file along with exhibits, was filed Jan. 12, 1984. The attached exhibits include a copy of the statutory notice sent to the petitioner for the 1980 tax year, a copy of the Form W-2 issued to petitioner for the 1980 tax year, a copy of the purported "return," the accompanying memoranda and a copy of the envelope in which petitioner mailed such documents, a copy of petitioner's 1978 tax return with an accompanying Form W-2, a copy of a purported return for the 1979 tax year that was altered in the same fashion as the purported "return" for the year at issue in this case with accompanying Forms W-2 and a copy of the envelope in which such documents were mailed by petitioner, a copy of an Order and Decision in the case of David R. Anderson v. Commissioner,↩ docket No. 21532-82, entered Sept. 29, 1983 with an accompanying Memorandum Sur Order (the Court sustained the deficiency for the 1979 taxable year and found wages received for the year to be taxable), and a form CSC 8-255-B letter sent to the petitioner dated July 2, 1982. Additionally, an affidavit of Marjorie A. Wyman, respondent's employee in charge of the Illegal Tax Protestor Team at the Cincinnati Service Center for the Central Region of the Internal Revenue Service, was filed on Feb. 16, 1984.
5. Petitioner does not dispute that the dividends are taxable as gross income. ↩
6. On petitioner's Schedule A he claimed itemized deductions for taxes in the amount of $2,549.81 and for interest in the amount of $1,440.81, which respondent does not dispute.↩
7. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), .↩
8. Petitioner did not offer any evidence other than his allegation to support the receipt of a refund check.↩
9. For the reasons set forth in , on appeal 6th Cir. Sept. 24, 1984, we also find that the purported "return" filed by petitioner was not a return for purposes of sections 6011, 6012, 6072, and 6651(a)(1).↩
10. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, increased the amount of damages that may be awarded under section 6673 from $500 to $5,000 for proceedings commenced after Dec. 31, 1982. Section 160 of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, further amended section 6673 to provided for damages up to $5,000 in proceedings pending in this Court after Nov. 15, 1984.↩